**Jahidul ISLAM, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 02–74189.

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.\*\*

Decided April 19, 2004.

Before: HALL, O'SCANNLAIN, and RYMER, Circuit Judges.

MEMORANDUM \*\*\*

Jahidul Islam, a native and citizen of Bangladesh, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") decision denying his application for asylum, and withholding of deportation. Because the transitional rules apply, *see Kalaw v. I.N.S.*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction over this petition under 8 U.S.C. § 1105a(a). We review an adverse credibility finding under substantial evidence, *see Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 658 (9th Cir.2003), and deny the petition for review.

Islam challenges the IJ's adverse credibility determination. The inconsistencies between Islam's asylum applications and testimony, regarding his religious conversion and fear of persecution due to Christianity, undermined his credibility. *See id.* (concluding that discrepancies giving different bases for petitioner's fear of persecution involve "the heart of the asylum claim"). The evidence does not compel a contrary conclusion because the IJ offered specific, cogent reasons for disbelief, which go to the heart of Islam's claim of persecution. *See de Leon–Barrios v. INS*, 116 F.3d 391, 393–94 (9th Cir.1997).

By failing to qualify for asylum, Islam necessarily fails to satisfy the more stringent standard for withholding of deportation. *See Alvarez Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

To the extent that Islam is challenging the BIA's summary affirmance procedure, he is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849–50 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**

---

\* This court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent.

\*\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).